**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 50**

Docket No. SF-0752-14-0256-I-1

**Douglas A. Alarid,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

August 21, 2015

Paul E. Carreras, Santa Rosa, California, for the appellant.

Douglas W. Hales and David Michael Tucker, Fort Hunter Liggett,
    California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
affirmed his removal.  For the reasons discussed below, we GRANT the petition
for review, VACATE the initial decision, and REMAND the case to the regional
office for further adjudication in accordance with this Opinion and Order.

BACKGROUND

¶2      The appellant served as a Police Officer at all times relevant to this appeal.
Initial Appeal File (IAF), Tab 5 at 18.  The agency removed the appellant from
Federal service based on two charges of misconduct:  conspiracy to purchase and

distribute an unauthorized Federal police badge; and manufacture and distribution of an unauthorized Federal police identification card. *Id*. at 20-29. The appellant filed a timely appeal of his removal and raised an affirmative defense of reprisal based upon his participation in union activity. IAF, Tab 1 at 7. In his prehearing submission, moreover, the appellant raised affirmative defenses of retaliation for whistleblowing and a due process violation. IAF, Tab 8 at 9, 15-17.

¶3        The administrative judge held a prehearing conference and entered an order suspending case processing to allow the parties an opportunity to explore settlement. IAF, Tab 9. In his prehearing conference summary and order, the administrative judge noted that the appellant was "raising the affirmative defenses of retaliation for protected whistleblowing and union activity," but the administrative judge offered no explanation of the applicable burdens of proof governing such claims. *Id*. After the first case processing suspension period expired, the administrative judge entered a second order suspending case processing. IAF, Tab 13. In that order, the administrative judge stated that the appellant had raised "affirmative defenses of retaliation for protected [equal employment opportunity (EEO)] activity and whistleblowing activity," and he cited *Warren v. Department of the Army*, 804 F.2d 654 (Fed. Cir. 1986), for the applicable burden of proof "to prevail on a contention of illegal retaliation." IAF, Tab 13. Neither party objected to the administrative judge's summary of the defenses raised by the appellant.

¶4        The administrative judge subsequently held another prehearing conference. IAF, Tab 20. In his summary of that prehearing conference, the administrative judge again cited *Warren* for the applicable burden of proof concerning the appellant's affirmative defenses. *Id*. In this order, however, the administrative judge stated that "[i]t was determined that [the appellant's] originally asserted whistleblowing retaliation claim pertained exclusively to his protected EEO activity." *Id*. at n.1. The administrative judge offered no explanation for this determination, did not acknowledge the appellant's affirmative defenses of

reprisal for participation in union activity or a due process violation, and did not explain the effects of withdrawing or abandoning any of his affirmative defenses. *Id*. Although the administrative judge provided the parties 10 days to file objections to this order, neither party did so.

¶5    Following a hearing, the administrative judge issued an initial decision sustaining both of the agency's charges, finding the penalty of removal reasonable, and finding that the appellant failed to prove that his removal was the result of reprisal for EEO activity.  IAF, Tab 41, Initial Decision (ID).  In adjudicating the appellant's affirmative defense, the administrative judge indicated that he had previously determined that "the appellant's originally asserted whistleblowing retaliation claim pertained exclusively to his protected EEO activity."  ID at 13 n.11.  The administrative judge acknowledged that both parties "briefly touched on other affirmative defenses in their closing briefs,"[1] but declined to reach those issues because neither party objected to his prehearing conference summary within 7 days,[2] and because the appellant only presented evidence concerning his claim of reprisal for EEO activity.  *Id*.

¶6    The appellant filed a petition for review challenging several of the administrative judge's credibility determinations and arguing that the administrative judge erred in denying his affirmative defense of reprisal for union activity.  Petition for Review (PFR) File, Tab 1 at 6-8, 10-11.  The agency filed a

---

[1] The agency argued in its closing brief that the appellant failed to prove that his removal was the result of whistleblower reprisal, IAF, Tab 31 at 6, and the appellant alleged in his closing brief that he was terminated in reprisal for protected union activity, IAF, Tab 30 at 4.  Neither party specifically addressed allegations of EEO reprisal.

[2] The record reflects that the administrative judge gave the parties 10 days, rather than 7 days, to object to his prehearing conference summary.  *See* IAF, Tab 20 at 2.  It is undisputed, however, that neither party objected to the prehearing conference summary and order.

response in opposition to the petition for review, and the appellant filed a reply.[3] PFR File, Tabs 4-5.

## ANALYSIS

### The appeal must be remanded for further adjudication of the appellant's whistleblower reprisal and due process claims.

¶7      Upon our review of the parties' submissions and the administrative judge's orders, we find that the administrative judge did not fully identify all of the affirmative defenses the appellant raised in response to his removal. *See Gath v. U.S. Postal Service*, 118 M.S.P.R. 124, ¶ 11 (2012) (citing *Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 10 (2010)).  As explained below, the appellant raised an affirmative defense based upon his participation in union activity under 5 U.S.C. § 2302(b)(9)(B), but the administrative judge failed to outline the relevant burdens for proving such a claim under the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465. *See* 5 U.S.C. § 1221(e), (i).  Additionally, the appellant raised allegations of whistleblower reprisal under 5 U.S.C. § 2302(b)(8) and a due process violation. The administrative judge also failed to apprise the appellant of his burdens of proof on these claims or to document whether the appellant withdrew or abandoned either of these affirmative defenses prior to hearing.  *See Gath*, 118 M.S.P.R. 124, ¶ 10.  Accordingly, we remand the appeal to the administrative judge for further adjudication of the appellant's affirmative defenses.

---

[3] After the record closed on petition for review, the appellant filed a supplemental response in further support of his petition for review.  PFR File, Tab 6.  The Board's regulations only provide for the filing of a petition for review, an opposition in response, and a reply.  *See* 5 C.F.R. § 1201.114(a).  Because we are remanding the appeal for further development of the record, the appellant will have an opportunity to supplement the record before the administrative judge.  We have not considered the appellant's supplemental response in the course of granting his petition for review.

**The appellant's allegation of reprisal based upon his participation in union activity is a prohibited personnel practice affirmative defense under 5 U.S.C. § 2302(b)(9)(B).**

¶8     As explained above, in his initial decision, the administrative judge indicated that he had determined previously that the "appellant's originally asserted whistleblowing retaliation claim pertained exclusively to his protected EEO activity," and that he would adjudicate the affirmative defense as a claim of EEO reprisal.[4]  ID at 13 n.11; IAF, Tab 20 at 1 n.1.  The administrative judge, however, did not address the appellant's specific assertions that his removal was based on his participation in union-related activities on behalf of other employees.

¶9     Upon our review of the record, we find that the administrative judge should have considered the appellant's allegations as a claim of reprisal under section 2302(b)(9)(B), rather than as a claim of reprisal for EEO activity.  An employee's participation in union activity generally does not constitute protected activity for purposes of establishing a claim of EEO retaliation.  *See Gath*, 118 M.S.P.R. 124, ¶ 12 (clarifying that retaliation for EEO activity and union activity are separate claims); *McLaurin v. U.S. Postal Service*, EEOC Appeal No. 0120070899, 2008 WL 3890478, at *1 (Aug. 14, 2008) (finding that union participation generally does not form the basis of a claim for reprisal based on EEO activity).  In his initial appeal, the appellant asserted that his removal was motivated by his role as a union vice president.  IAF, Tab 1.  In his prehearing submission, the appellant alleged that he had been involved in numerous

---

[4] The administrative judge did not provide an explanation for this conclusion in either his prehearing conference summary and order or his initial decision.  *See* IAF, Tab 20; ID at 13 n.11.  The appellant, moreover, did not specifically raise a claim of EEO retaliation in his initial appeal or in either his pre- or post-hearing submissions.  *See* IAF, Tabs 1, 8, 30.  Because the appellant never specifically raised an affirmative defense based on retaliation for EEO activity, the administrative judge should not have adjudicated such a claim.

grievances against the agency and that the former chief of police sought to dissuade him from pursuing grievance matters by accusing him of misconduct. IAF, Tab 8 at 7-9. Finally, both parties addressed whether the appellant established reprisal based on his participation in union activity in their post-hearing submissions, and the appellant has argued on review that his removal was the result of his role as a union official. PFR File, Tab 1 at 11; IAF, Tab 31 at 8-9, Tab 30 at 4.

¶10 Based on the appellant's factual assertions, we find that he raised an affirmative defense of reprisal for participating in union activity under section 2302(b)(9)(B). Section 2302(b)(9)(B) makes it unlawful for an individual to take, fail to take, or threaten to take or fail to take a personnel action because of the employee "testifying for or otherwise lawfully assisting any individual in the exercise of any right referred to in [5 U.S.C. § 2302(b)(8)(A)](i) or (ii)." 5 U.S.C. § 2302(b)(9)(B). Performing union-related duties, such as filing grievances and representing other employees in the grievance process, are protected activities under section 2302(b)(9). *See Wooten v. Department of Health & Human Services*, 54 M.S.P.R. 143, 146 (1992), *superseded on other grounds by statute as stated in Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 5 (2014).

¶11 We also find that, under *Wynn*, the administrative judge should have apprised the appellant of the burdens to prove a prohibited personnel practice under section 2302(b)(9)(B), and that he should have identified this defense in his prehearing conference summary. *See Gath*, 118 M.S.P.R. 124, ¶¶ 11-12. Consistent with the burdens of proof established by the WPEA discussed below, we remand this affirmative defense to the administrative judge for further adjudication.

The appellant's affirmative defense under 5 U.S.C. § 2302(b)(9)(B) is subject to the standards set forth in 5 U.S.C. § 1221(e).

¶12     Under the WPEA, a prohibited personnel practice affirmative defense asserted in a chapter 75 appeal that independently could form the basis of an individual right of action (IRA) appeal must be analyzed under the burden-shifting scheme set forth in 5 U.S.C. § 1221(e).     *See* 5 U.S.C. § 1221(e)(1)-(2), (i) (subsections 1221(a)–(h) shall apply in chapter 75 appeals where a prohibited personnel practice under sections 2302(b)(8) and (b)(9)(A)(i), (B), (C), or (D) is alleged); *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶¶ 19-20, 32 (2013).   Importantly, the WPEA expanded the grounds on which an IRA appeal may be filed with the Board.   *See Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014).   Prior to the enactment of the WPEA, an appellant could only file an IRA appeal with the Board based on allegations of whistleblower reprisal under section 2302(b)(8).   *See Wooten*, 54 M.S.P.R. at 146.   Following the WPEA's enactment, however, an appellant also may file an IRA appeal with the Board concerning alleged reprisal based on certain other classes of protected activity as defined in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D).   *See* 5 U.S.C. § 1221(a); *Hooker*, 120 M.S.P.R. 629, ¶ 9.   Important to the allegations raised in this appeal, the appellant may now file an IRA appeal with the Board under section 2302(b)(9)(B) alleging reprisal based on his lawfully assisting another individual in the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation.[5]     *See*   5 U.S.C. § 1221(a);   *Carney*,   121   M.S.P.R.   446,   ¶ 5.

---

[5] Differing from section 2302(b)(9)(A)(i), which bars reprisal for an appellant's personal exercise of any appeal, complaint, or grievance right granted by law, rule, or regulation concerning an alleged violation of section 2302(b)(8), section 2302(b)(9)(B) bars reprisal for assisting another individual in the exercise of *any* appeal, complaint, or grievance right granted by law, rule, or regulation, and such a proceeding need not concern remedying a violation of whistleblower reprisal under section 2302(b)(8). *See Carney*, 121 M.S.P.R. 446, ¶ 6 n.3.

Accordingly, an affirmative defense of reprisal for participating in union grievance activity under section 2302(b)(9)(B) raised in a chapter 75 appeal must be analyzed under the burden-shifting standards set forth in section 1221(e). *See* 5 U.S.C. § 1221(a), (i); *Hooker*, 120 M.S.P.R. 629, ¶ 9; *Shibuya*, 119 M.S.P.R. 537, ¶¶ 19-20, 32.

¶13        Because the appellant has alleged reprisal for activity allegedly covered by section 2302(b)(9)(B), on remand, the administrative judge must adjudicate this defense under the following framework. First, the administrative judge must determine whether the appellant has established by preponderant evidence that he was involved in protected activity under 2302(b)(9)(B). *See Shibuya*, 119 M.S.P.R. 537, ¶ 20. An appellant can establish that he was involved in such protected activity by proving that he testified or assisted another employee in any appeal, complaint, or grievance right granted by any law, rule, or regulation. *See Carney*, 121 M.S.P.R. 446, ¶ 5. Next, the administrative judge must determine whether the appellant's participation in the protected activity was a contributing factor in the challenged personnel action at issue. *See* 5 U.S.C. § 1221(e)(1)(A)-(B); *Shibuya*, 119 M.S.P.R. 537, ¶ 22. One way of proving that an appellant's prior protected activity was a contributing factor in a personnel action is the "knowledge/timing" test. *See Shibuya*, 119 M.S.P.R. 537, ¶ 22. Under this test, an appellant can establish that his prior protected activity was a contributing factor in the challenged action by showing that the deciding official knew of the protected activity and took the personnel action within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the action.[6] *See id.*

---

[6] The Board also has found that an appellant may establish contributing factor by providing other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the protected activity was personally directed at the proposing or deciding officials, and whether those individuals

¶14 If the appellant makes both of these showings by preponderant evidence, the burden of persuasion shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected activity.  5 U.S.C. § 1221(e)(2); *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 24 (2014).  In determining whether the agency has met this burden, the Board will consider all the relevant factors, including the following:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who did not engage in such protected activity, but who are otherwise similarly situated.  *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).  The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs these factors together to determine whether the evidence is clear and convincing as a whole.  *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).  In assessing whether the agency has met its burden by clear and convincing evidence, the Board must consider all the pertinent evidence in the record, and it must not exclude or ignore countervailing evidence by only looking at the evidence that supports the agency's position.  *See Herman v. Department of Justice*, 119 M.S.P.R. 642, ¶ 15 (2013) (citing *Whitmore v. Department of Labor*, 680 F.3d 1353, 1367-70 (Fed. Cir. 2012)).

¶15 The administrative judge cited the *Warren* standard for retaliation claims in both the prehearing summary and initial decision.  IAF, Tab 20 at 1-2; ID at 13.[7]

---

had a motive to retaliate against the appellant.  *See Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013).

[7] Under *Warren*, to prevail on a claim of retaliation, an appellant must show that: (1) he engaged in protected activity; (2) the accused official knew of the activity; (3) the adverse action under review could have been retaliation under the

However, the *Warren* standard is inapplicable to claims that are subject to the burden-shifting framework set forth in 5 U.S.C. § 1221(e), such as the appellant's allegation of reprisal for participating in union activity under section 2302(b)(9)(B). *See* 5 U.S.C. § 1221(e)(2). Although *Warren* has not been overruled by the Federal Circuit, the statutory changes of the WPEA significantly narrow the scope of cases to which it applies.

The administrative judge did not inform the appellant of the burdens of proof on his affirmative defenses, and the record does not demonstrate that the appellant abandoned or withdrew any of his affirmative defenses.

¶16 In his original prehearing conference summary and order, the administrative judge determined that the appellant had raised affirmative defenses of reprisal for whistleblowing and union activity. IAF, Tab 9. In a subsequent summary of a telephonic prehearing conference, however, the administrative judge indicated that the appellant only raised an affirmative defense of retaliation for EEO activity. IAF, Tab 20. The administrative judge did not explain this conclusion other than writing that "[i]t was determined that [the appellant's] originally asserted whistleblowing retaliation claim pertained exclusively to his protected EEO activity." *Id.* In that summary, the administrative judge did not refer to the appellant's claim of retaliation for union activity. In the initial decision, the administrative judge noted that although the parties addressed other affirmative defenses besides retaliation for EEO activity in their closing briefs, he would not consider them because neither party filed an exception to his summary of telephonic prehearing conference. ID at 13 n.11.

¶17 The record below does not reflect any intention by the appellant to abandon his whistleblower or union activity affirmative defenses. *See*, *e.g.*, IAF, Tab 8 at 7-9. The appellant, moreover, argued below that his removal violated due

---

circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *See Warren*, 804 F.2d at 656-58.

process.[8] *Id*. at 15-17.  The administrative judge, however, did not acknowledge this argument in any of his orders or his initial decision.  *See generally* ID; IAF, Tab 20.  Because the appellant raised his affirmative defenses on appeal, under *Wynn*, the administrative judge should have informed the appellant of the applicable burdens to prove such claims.  *See Gath*, 118 M.S.P.R. 124, ¶¶ 11-12 (remanding for notice of the burden to prove an affirmative defense of reprisal for union activity where there was no indication that the appellant withdrew or abandoned the claim); *Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶ 10 (2013) (remanding for notice of the burden to prove a due process violation). The administrative judge failed to notify the parties of their respective burdens as to the appellant's affirmative defense claims.  Under these circumstances, we cannot conclude that the appellant's failure to file an exception to the teleconference summary was fatal to his affirmative defenses and we find it appropriate to remand all of the affirmative defenses raised by the appellant to the administrative judge for an explanation of the applicable burdens of proof under *Wynn*.

ORDER

¶18        Based on the foregoing, we REMAND the appellant's affirmative defenses of reprisal for union activity, reprisal for whistleblowing, and due process violations to the administrative judge for further adjudication consistent with the standards discussed above.  On remand, the administrative judge should apprise the appellant of the different burdens of proof he must meet to prove his defenses,

---

[8] There are several types of due process violations.  Among the most commonly alleged are those concerning a biased deciding official, a lack of notice and a meaningful opportunity to respond, and a decision maker's consideration of ex parte information. *See*, *e.g.*, *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *Lange v. Department of Justice*, 119 M.S.P.R. 625, ¶¶ 8-9 (2013).  We leave it to the administrative judge to determine the nature of the appellant's due process claim in the first instance.

afford the parties an additional opportunity to conduct discovery on these issues, and hold a supplemental hearing addressing these defenses, if requested. If the appellant does not prevail on any of the affirmative defenses on remand, the administrative judge may adopt his prior findings concerning the agency's charges, nexus, and the reasonableness of the appellant's removal in his remand initial decision. *See Viana v. Department of the Treasury*, 114 M.S.P.R. 659, ¶ 8 (2010).

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.